UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6012-CR-FERGUSON

FILED BY _____ D.C.

2002 NOV 22 PM 4: 29

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

vs.  :

ALPHONSO BROWN,  :

    Defendant.  :
_____/

## DEFENDANT'S UNOPPOSED
## MOTION FOR A PRE-PLEA PRESENTENCE REPORT

Defendant, Alphonso Brown, hereby moves the Court for an order that a pre-plea presentence report limited to criminal history, be issued by the U.S. Probation Office to determine whether or not defendant is a career offender. In support of this motion defendant submits the following Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF FACTS.**

Defendant, Alphonso Brown, is charged in a two-count indictment with conspiracy and possession with intent to distribute cocaine base, in violation of 21 U.S.C. 841(a)(1); 846. Mr. Brown in out of custody on a $150,000 personal surety bond. Calendar Call is scheduled for November 25, 2002. The matter was called and continued on October 28, 2002.[1]



---

[1] Defendant's attorney was injured in a car accident.

As part of pretrial discovery the government provided defendant's rap sheet. There are several entries for cases that may qualify as predicate offenses under the Career Offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1. However, it is not possible to determine from the rap sheet whether or not Mr. Brown is a career offender. For example, the rap sheet shows convictions for "possession, purchase, sell, deliver" of a controlled substance. If the convictions ares for possession or purchase, Mr. Brown would not be a career offender. On the other hand, he might be a career offender if the convictions are for selling or delivering. The rap sheet is not specific enough for this determination.

Defense counsel performed a computer search of court records to supplement the information on the rap sheet. However, the computer records do not clarify the status of defendant's prior convictions for a career offender determination.

On November 21, 2002, defense counsel spoke with a duty officer in the Probation Office to obtain assistance in making a career offender determination. The duty officer ran a rap sheet, but was unable to make a career offender determination. Additional court records are needed for an accurate assessment of defendant's status under the Sentencing Guidelines. The Probation Office advised that it would need five to seven weeks to obtain the court records and prepare a report on defendant's criminal history.

Mr. Brown is deliberating his decision about entering a plea or going to trial. Career offender status is a weighty factor in this decision. If he is a career offender the Guidelines place him at Offense Level 34; Criminal History Category VI; Sentencing Range 262-327 months incarceration. If he is not a career offender, the Guideline Range is approximately 100 months lower.

On November 21, 2002, counsel for the parties conferred regarding the subject of this motion. The government has no objection to defendant's request for a pre-plea report and a continuance of the trial date.

**II.    ARGUMENT.**

BOTH RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND THE DUE PROCESS CLAUSE REQUIRE THAT A DEFENDANT BE ADEQUATELY INFORMED OF DIRECT CONSEQUENCES OF A GUILTY PLEA BEFORE HE CAN ENTER A VALID GUILTY PLEA.

Both the Due Process Clause and Rule 11 of the Federal Rules of Criminal Procedure require that a defendant who pleads guilty be aware of the "direct consequences" of his plea. A guilty plea is involuntary under the Due Process Clause if a defendant is not aware of these "direct consequences". Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir. 1986), cert. denied, 108 S. Ct. 198 (1987), quoting Brady v. United States, 397 U.S. 742, 749 (1970). Similarly, Rule 11 is violated if a defendant is not made aware of the "direct consequences" of his plea. The Eleventh Circuit has stated:

> We have identified three core objectives of Rule 11: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) *ensuring that the defendant is aware of the direct consequences of the guilty plea.*"

United States v. Quinones, 97 F.3d 473, 475 (11th Cir.1996)(emphasis added).

The Eleventh Circuit recently emphasized that, "Failure to satisfy any of the core objectives violates the defendant's substantial rights." Id. See also, United States v. Morris, 286 F.3d 1291, 1293-95 (11th Cir. 2002).

3

The application of the career offender guideline is a direct consequence of a guilty plea because it is the single most determinative factor in the sentencing guideline calculation. In order for a defendant to obtain meaningful advice from counsel and to make a knowing and intelligent waiver or rights, he should know with some certainty whether his sentencing range will be 100 months higher or lower, as it will be in this case depending on the applicability of the career offender provision of the guidelines. A career offender determination is a mandatory, non-discretionary function of the sentencing guidelines with enormous impact on the sentence. As a result, it is a direct consequence of a plea, and critically important information for a defendant to make a knowing, intelligent, and voluntary waiver of his rights.

A pre-plea presentence report would aid both the parties and the court by enabling Mr. Brown to be fully informed of the consequences of his plea. Moreover, even though a court is not required to advise defendants of collateral consequences such as deportation or tax consequences, "distribution of justice to alien defendants can only be enhanced" by such advice. <u>United States v. Russell</u>, 686 F.2d 35, 41-42 (D.C. Cir. 1982); <u>United States v. King</u>, 618 F.2d at 552 (recognizing that it might be desirable to advise defendant of potential tax liability, even if such advice was not required). Here, however, where the career offender section is a direct consequence rather than collateral, and thus, even more important than potential immigration or tax consequences, it is all the more desirable to "enhance the distribution of justice" by fully advising defendant with a pre-plea report.

Additionally, a pre-plea report in this case will not be unduly burdensome on the Probation Office. While the Probation Office is very busy, a sentencing report including criminal history and the career offender section is prepared in virtually all cases involving a guilty plea or conviction after

trial. In contemplation of a guilty plea by Mr. Brown, a partial report limited to criminal history amounts to getting a head start on a report that will be completed after a fully informed plea is entered. To the extent that a pre-plea report places some burden on the Probation Office, that burden can be remedied by continuing Mr. Brown's trial for seven weeks. This will accommodate the amount of time the Probation Office anticipates it needs to complete the report. Given all that is at stake for Mr. Brown, and the overriding interest in having defendant make an informed, intelligent exercise of his rights, it is reasonable to grant a continuance and a pre-plea report.

### III.  CONCLUSION.

For the foregoing reasons, Mr. Brown respectfully requests that the court order the preparation of a pre-plea presentence report, and that the trial date be vacated so that the Probation Office has sufficient time to prepare the report.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _/s/ Neison M. Marks_
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
1 E. Broward Blvd., Suite 1100
Fort Lauderdale, Florida  33301
(954) 356-7436
(954) 356-7556 (fax)

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this _22nd_ day of November, 2002 to Edward Ryan, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_/s/ Neison M. Marks_
Neison M. Marks

S:\Marks\Brown.Alphonso\PREPLEA.MTN.wpd